## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IRENE HOM TOY** | * | **CIVIL ACTION NO.** |
| | * | |
| **Plaintiff** | * | |
| **VERSUS** | * | **SECTION:** |
| | * | **JUDGE** |
| **NATIONAL CITY BANK, NATIONAL** | * | |
| **CITY MORTGAGE, NATIONAL CITY** | * | **MAGISTRATE:** |
| **MORTGAGE CO., AND NATIONAL** | * | **MAG. JUDGE** |
| **CITY MORTGAGE, INC.** | * | |
| | * | |
| **Defendants** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

Defendant, PNC Bank, National Association ("PNC"), incorrectly named by Plaintiff as National City Bank, National City Mortgage, National City Mortgage Co. and National City Mortgage Co., Inc., while fully reserving its right to object to service, jurisdiction and venue, and without waiving any of its other defenses or objections, removes to this Court the civil action bearing the caption *Irene Hom Toy versus National City Bank, National City Mortgage, National City Mortgage Co., and National City Mortgage, Inc.*, No. 689-514, pending in Division H of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana (the "State Court Action"), as follows:

**Removal Jurisdiction**

1.

This Court's removal jurisdiction is based on federal question jurisdiction, as provided in 28 U.S.C. § 1331, as well as diversity jurisdiction, as provided in 28 U.S.C. § 1332.

**Federal Question Jurisdiction**

2.

PNC is a nationally chartered bank.  The Petition purports to state claims under the Louisiana law arising out of the charging and collecting of allegedly usurious interest.  Under the circumstances alleged in the Petition, application of Louisiana state law to PNC is preempted by the National Bank Act, specifically by 12 U.S.C. §§ 85 and 86.  This preemption is complete and affords this Court subject matter jurisdiction over the federal question presented by the National Bank Act.  *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003) (finding complete preemption under the National Bank Act, 12 U.S.C. §§ 85 and 86, of state law usury claims).

**Diversity Jurisdiction**

**Parties**

3.

Plaintiff is now and was at the time of the filing of the Petition, and during all times intervening, a citizen of the State of Louisiana.  (Pet. ¶ 1.)

3.

According to 28 U.S.C. § 1348 national banking associations are deemed citizens of the states in which they are respectively located.  28 U.S.C. § 1348.  For purposes of diversity jurisdiction, a national banking association is deemed a citizen of the state in which its main

office is located, as designated in its articles of association.  *Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, S.D.N.Y. 2006, 470 F.Supp. 2d 312, 313.

4.

PNC is the successor by merger to National City Bank, which is the successor by merger to National City Mortgage Co.[1]  PNC's main office is located in Pennsylvania.  Accordingly, PNC is now and was at the time of the filing of the Petition, and during all times intervening, a citizen of the State of Pennsylvania.

5.

National City Mortgage is a non-existent or fictitious entity whose citizenship is disregarded for removal purposes.  *See* 28 U.S.C. § 1441(a).

6.

Complete diversity exists between the parties, because Plaintiff is a citizen of the State of Louisiana, and the only Defendant, PNC, is a citizen of the State of Pennsylvania.

**Amount in Controversy**

7.

According to the Petition, Defendant allegedly entered into Plaintiff's home thereby unlawfully invading her privacy and interfering with the peaceful possession of her home, and deliberately demanded and obtained from Plaintiff a sum of money allegedly in excess of the amount owed on the promissory note.  (Pet. ¶¶ 5-7.)  Plaintiff also alleges that Defendant engaged in illegal debt collection practices, and in bad faith, converted Plaintiff's money.  (Pet. ¶ 8-10.)

---

[1] National City Mortgage Co., Inc. is not a known entity and is therefore not a proper party to this action.

885713.1

2

8.

The damages for which Defendants are allegedly liable include: general damages allegedly caused from inconvenience, embarrassment and humiliation, all foreseeable and unforeseeable damages, and double the amount allegedly wrongfully charged and collected by PNC.

9.

As plaintiffs have claimed an unspecified amount of damages in this action, defendants need only to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See DeAguilar v. Boeing Co.,* 11 F.3d. 55, 58 (5th Cir. 1993) (citing *Gars v. Miles, Inc.* 980 F.2d. 564, 567 (9th Cir. 1992)).

10.

According to the Petition, Plaintiff seeks to recover $42,000.000 (double the sum of $21,000.00 - the amount allegedly and unlawfully collected from Plaintiff), plus general and bad faith damages caused by Defendant's conduct, including damages for inconvenience, anxiety, embarrassment, humiliation, damage to immovable property and damage to personal property. (Pet. ¶¶ 4, 5,  6, 8, 9, 10, and Prayer.)

11.

These allegations demonstrate that the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.

This Court has supplemental jurisdiction over all other claims asserted in the Petition, in accordance with 28 U.S.C. §§ 1367(a) and/or 1441(c).

13.

This notice of removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days of service upon Defendant.

14.

No approval to remove is required from National City Mortgage as it is not a legal entity, and thus has no interest in this lawsuit.

15.

A copy of the notice of removal has been sent to all counsel of record, and will be filed with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.  Ex. A.

16.

Attached to this notice of removal, as Exhibit B, are copies of all process, pleadings and orders found in the record of the State Court Action.


**WHEREFORE**, Defendant PNC Bank, National Association prays that the State Court Action be removed from the 24th Judicial District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted, this 22nd day of October, 2010.

MCGLINCHEY STAFFORD, PLLC

_____ /s/ Angelina Christina _____
**ANTHONY ROLLO(# 1133)**
**ANGELINA CHRISTINA(#28530)**
**McGlinchey Stafford, PLLC**
601 Poydras Street, 12th Floor
New Orleans, LA 70130-3477
Telephone: (504) 586-1200
Facsimile: (504) 596-2800
Email: arollo@mcglinchey.com
          achristina@mcglinchey.com

***Counsel for Defendant,***
***PNC Bank, National Association, incorrectly***
***named by Plaintiff as National City Bank,***
***National City Mortgage, National City Mortgage***
***Co. and National City Mortgage Co., Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on October 22, 2010, a copy of the above and foregoing has been forwarded by either telecopy transmission, email, hand delivery, or placing same in the U.S. Mail, postage prepaid to all counsel of record.

_____ /s/ Angelina Christina _____
Angelina Christina

885713.1

5